■ EDWIN ARRIAGA, Respondent, v NEW YORK CITY TRANSIT

AUTHORITY, Appellant.—In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Lerner, J.), entered September 7, 1990, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $450,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff brought suit to recover damages for injuries allegedly sustained when a bolt fell from an elevated subway structure, striking him on the head. At the trial, the defendant requested an adjournment until the following afternoon, when its medical expert would be available to testify. The court denied this request, but offered to hold a separate trial on the issue of damages when it would be more convenient for the defendant's medical expert. The defendant declined this offer, stating that his medical expert's testimony related to the issue of liability. On appeal the defendant argues that the denial of the adjournment warrants a new trial on the issue of damages.

As a general rule the granting or refusing of an adjournment is within the sound discretion of the trial court (see, Balogh v H.R.B. Caterers, 88 AD2d 136, 143). The record does not support the defendant's contention that the trial court in any way improvidently exercised its discretion. When the defendant requested the adjournment, the trial court offered instead to bifurcate the trial, which is, in fact, the remedy the defendant now seeks. The defendant, having declined that option at trial, cannot now seek the same relief by claiming that the trial court's denial of his request for an adjournment was an improvident exercise of discretion. Mangano, P. J., Thompson, Bracken and Lawrence, JJ., concur.